1
2
3
4
5
6                    IN THE UNITED STATES DISTRICT COURT
7                        FOR THE DISTRICT OF ARIZONA
8
9    Dan Douglas Whittal,                )    No. CV 07-0174-PHX-EHC (MEA)
                                         )
10          Petitioner,                  )
                                         )    **ORDER**
11   vs.                                 )
                                         )
12                                       )
     Dora B. Schriro, et al.,            )
13                                       )
            Respondents.                 )
14                                       )
                                         )
15   _____)
16
17         Petitioner proceeding pro se has filed a Petition for Writ of Habeas Corpus By a
18   Person in State Custody under 28 U.S.C. § 2254 (Dkt. 1). The matter was referred to
19   Magistrate Judge Mark E. Aspey who has issued a Report and Recommendation
20   recommending that the § 2254 Petition be denied and dismissed with prejudice (Dkt. 13).
     Petitioner has timely filed an Objection to the Report and Recommendation (Dkt. 15).
21
                                    Standard of Review
22
           The district court reviews de novo the portions of the Magistrate Judge's Report and
23
     Recommendation to which Petitioner has filed an objection.  28 U.S.C. § 636(b)(1)(C)("a
24
     judge of the court shall make a de novo determination of those portions of the report, ..., to
25
     which objection is made."); see also United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th
26
     Cir. 2003); Schmidt v. Johnstone, 263 F. Supp. 2d 1219 (D. Ariz. 2003), citing Thomas v.
27
28

1  Arn, 474 U.S. 140, 149 (1985)(determining that district courts are not required to review any
2  issue that is not the subject of an objection).

3  Discussion

4       Petitioner was charged in 1998 with 18 counts of child molestation, sexual abuse,
5  indecent exposure, public sexual indecency involving a minor, and attempted child
6  molestation. Petitioner entered into plea agreements in which he agreed to plead guilty to
7  one count of attempted molestation of a child, a class 3 felony, and one count of molestation
8  of a child, a class 2 felony; with the remaining charges to be dismissed. The plea agreement
9  relevant to the conviction for attempted molestation of a child provided for a term of
10 probation. The plea agreement relevant to the conviction of molestation of a child provided
11 that the presumptive sentence was 17 years, the minimum sentence was ten years and the
12 maximum sentence was 24 years. The agreement further provided that Petitioner would be
13 sentenced to a term of imprisonment of an exact length to be determined by the court (See
14 Dkt. 9, Exhibit B). On September 18, 1998, the state court sentenced Petitioner to 24 years
15 of imprisonment on the molestation of a child conviction and to lifetime probation on the
16 attempted molestation conviction.

17      Petitioner sought post-conviction relief in the Arizona state courts between 1998-2000
18 and again in 2005. His requests for relief were denied. Petitioner filed a federal habeas
19 Petition on January 25, 2007 (Dkt. 1). Petitioner asserted that he had been denied his
20 constitutional right to due process of law regarding his sentence, that his sentence exceeded
21 the statutory maximum, and that his sentence was aggravated beyond the "statutory standard"
22 because of facts not found by a jury.

23      The Magistrate Judge has recommended denial of the Petition based on several
24 grounds as follows. It is recommended that the Petition is barred by the one-year limitations
25 period set forth in the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2244(d)(1).
26 Petitioner's conviction became final and the relevant one-year limitations period began to run
27 on January 28, 2001. Petitioner did not file his federal habeas petition until January 25, 2007,

28                                             - 2 -

almost six years later.  Petitioner's second state action for post-conviction relief filed May 13, 2005 did not re-start the already expired statute of limitations period. Petitioner's conviction became final before the decision in Blakely v. Washington, 542 U.S. 296 (2004), and the Ninth Circuit has held that Blakely does not apply retroactively to a state court conviction.  See Schardt v. Payne, 414 F.3d 1025, 1038 (9th Cir. 2005), petition for cert. filed No. 05-9237 (Nov. 10, 2005).  Petitioner did not timely assert any claim based on Apprendi v. New Jersey, 530 U.S. 466 (2000). Petitioner has not met his burden of showing that extraordinary circumstances justify equitable tolling of the AEDPA's limitation period. Petitioner was sentenced to a term of imprisonment within the statutory maximum and therefore the sentence did not violate the rationale of Apprendi. The record supports the conclusion that Petitioner's sentence was based on facts admitted by Petitioner and his case is exempt from the provisions of Apprendi.

In his Objection, Petitioner argues that the Magistrate Judge's Report and Recommendation is in error regarding the application of Apprendi.  Petitioner argues that his conviction was not yet final when Apprendi was decided, he is entitled to relief under Apprendi, and that the statutory maximum was the presumptive sentence of 17 years. Petitioner further argues that he only admitted the stipulated charges, that the dismissed charges were used to impose his exceptional sentence, and that the sentencing court's fact-finding violated due process.

To the extent that Apprendi was decided before Petitioner's conviction became final, Petitioner has not shown grounds for not presenting this issue earlier.  See Stokes v. Schriro, 465 F.3d 397, 402 (9th Cir. 2006)(Apprendi applied to case that was on direct review at time of its pronouncement).  To the extent that Petitioner raised an issue based on Apprendi and Blakely in his second state post-conviction proceedings filed in 2005, his claim was not timely.  Petitioner's conviction became final on January 28, 2001. Blakely does not apply retroactively.

The plea agreement relevant to Petitioner's conviction on the child molestation crime

provided that the presumptive sentence was 17 years, the minimum sentence was ten years and the maximum sentence was 24 years.  The agreement further provided that Petitioner would be sentenced to a term of imprisonment of an exact length to be determined by the court (See Dkt. 9, Exhibit B).  There is no dispute that Petitioner agreed to such terms of his plea agreement. Petitioner was sentenced within the statutory maximum range based on aggravating factors found by the sentencing court (Dkt. 9, Exhibits C & F).

In Apprendi, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  530 U.S. at 490.  Apprendi did not address the effect of a judicial determination of aggravating factors.

Petitioner's Objection is overruled.  The Court adopts in full the Magistrate Judge's Report and Recommendation.

Accordingly,

**IT IS ORDERED** that Petitioner's Objection (Dkt. 15) is overruled.

**IT IS FURTHER ORDERED** that the Report and Recommendation of the Magistrate Judge (Dkt. 13) is adopted in full.

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Dkt. 1) is denied and dismissed with prejudice.

DATED this 23rd day of June, 2008.

_____
Earl H. Carroll
United States District Judge

- 4 -